FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2014 FEB 28 PM 2:43
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHARLES DIXON,

    Petitioner,

v.

CASE NO. CV413-109

WARDEN DARRELL HART,

    Respondent.

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 19), to which objections have been filed (Doc. 21). After a careful de novo review of the record, the Court concludes that Petitioner's objections are without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Respondent's Motion to Dismiss (Doc. 12) is **GRANTED** and Petitioner's 28 U.S.C. § 2254 Petition is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

In his objections, Petitioner contends that the time for filing his habeas petition should be tolled because he filed a Notice of Intent to File an Extraordinary Motion for New Trial. (Doc. 21 at 3-4.) Petitioner does not detail with whom this notice was filed, but cites O.C.G.A.

§ 5-5-41. This section, however, only states that "20 days' notice shall be given to the opposite party" when filing an extraordinary motion for new trial. O.C.G.A. § 5-5-41(a). It requires nothing to be filed with the Court and cannot serve to toll the time for Petitioner to seek habeas relief. Therefore, the 304 days Petitioner waited to actually file his motion count toward the 365 he had to file his habeas petition. Even assuming that Petitioner timely appealed the denial of his Extraordinary Motion for New Trial,[1] he still failed to file a timely habeas petition within the remaining 61 days. As a result, the Magistrate Judge correctly concluded that Petitioner failed to timely seek habeas relief and that his § 2254 petition should be dismissed.

SO ORDERED this 28th day of February 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] While Petitioner claims to have appealed the denial of his motion to the Georgia Supreme Court, which ultimately upheld the denial, the record contains no documentation of that appeal or any corresponding opinion from the Georgia Supreme Court. Respondent claims that Petitioner took no appeal. Because neither Petitioner nor Respondent have produced documentation of any appeal, it is difficult for the Court to conclude that an appeal actually occurred. Regardless, Petitioner failed to timely seek habeas relief under either calculation.